IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR THORNTON,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 11-130-01 |

## **ORDER**

**AND NOW**, this 5th day of July 2017, upon consideration of Defendant Arthur Thornton's pro se Motion Requesting Reduction in Sentence Pursuant to U.S.S.G. Amendment 782 (Doc. No. 53) and the Government's Response (Doc. No. 57), it is **ORDERED** that the Motion Requesting Reduction in Sentence Pursuant to U.S.S.G. Amendment 782 (Doc. No. 53) is **DENIED**.[1]

---

[1] On September 5, 2012, Defendant pled guilty to two counts of distribution of oxycodone within a school zone, in violation of 21 U.S.C. §§841(a)(1) and 860; one count of possession of more than 28 grams of crack with the intent to distribute within a school zone; two counts of possession of various controlled substances with intent to distribute within a school zone; one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (Doc. No. 57 at 2.)

Under the United States Sentencing Guidelines, Defendant's base offense level for the quantity of drugs involved in this case was 34, which was increased by two levels because of the school zone counts. Defendant was entitled to a two-level reduction for acceptance of responsibility. (Doc. No. 44 at 9.) Therefore, Defendant's total offense level was 34. Because he was in Criminal History Category IV, his guideline range was 210 to 262 months' imprisonment for the drug offenses plus a mandatory 60 month consecutive sentence for the Section 924(c) offense. Defendant's total guideline range was 270 to 322 months. The Court granted a variance based upon the Section 3553(a) factors and imposed a below-guideline range sentence of 156 months' imprisonment for the drug offenses with a consecutive sentence of 60 months for the Section 924(c) offense.

Defendant now seeks to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines. Under 18 U.S.C. § 3582(c)(2), a court may reduce a final sentence if that sentence was based on a sentencing range later amended by the United States Sentencing Commission (the "Sentencing Commission"). It provides that: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such reductions are consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In Amendment 782, effective November 1, 2014, the Sentencing Commission lowered the penalties for most drug offenses by reducing certain offense levels on the Section 2D1.1 Drug Quantity Table by two levels.

Section 1B1.10(a) of the Sentencing Guidelines instructs that amendments, including Amendment 782, should be applied retroactively. It reads, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (d) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In Dillon v. United States, 130 S. Ct. 2683 (2010), the Supreme Court established a two-step approach to retroactively applying Guideline amendments to persons incarcerated before the date of an amendment:

> At step one, § 3582(c)(2) requires the court to follow the [Sentencing] Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant

2

amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.

Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Id. at 2691-92. In following these steps, a court is able to discern whether a defendant is eligible for a reduction in his term of imprisonment.

Here, Defendant is not entitled to a reduction to his sentence because his sentencing range is unaffected by Amendment 782. A reduction is not authorized if the relevant amendment, in this case Amendment 782, "does not have the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10(a)(2)(B). A "guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, cmt. n. 1(A).

Amendment 782 would reduce Defendant's base offense level to 32. At sentencing, it was determined that Defendant was entitled to a two-level reduction for acceptance of responsibility and a two level increase because of the school zone counts involved in this case. Therefore, after adjustments Defendant's total offense level under the reduction created by Amendment 782 is 32. At the established criminal history category of IV, Defendant's guideline range would be 168 to 210 months, plus the consecutive sentence of 60 months, for a total range of 228 to 270 months.

The extent of any reduction created by an amendment to the Sentencing Guidelines is limited to the applicable bottom of the amended guideline range. Thus, in applying an amendment to the Sentencing Guidelines, the Court may not reduce a Defendant's sentence below the applicable bottom of an amended guidelines range.

Here, Defendant received a sentence of 156 months on the drug offenses and a consecutive sentence of 60 months for the Section 924(c) offense. Amendment 782 only affects the drug offenses in this case. The adjusted guideline range for Defendant under Amendment 782 would be 168 to 210 months imprisonment. Defendant received a sentence on the drug

3

BY THE COURT:

_Joel Slomsky_
JOEL H. SLOMSKY, J.

---

offenses that is 12 months less than the bottom of the adjusted guideline range after applying Amendment 782. Because Defendant received a sentence 26 months under the adjusted guidelines range following the changes to Amendment 782, he is not eligible for a further reduction to his sentence. Therefore, Defendant's Motion Requesting Reduction in Sentence Pursuant to U.S.S.G. Amendment 782 (Doc. No. 53) will be denied.